IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DUSTIN MCPHETRIDGE,<br>Petitioner, | § § § | |
| vs. | § § | Civil Action No. 4:10-CV-727-Y |
| REBECCA TAMEZ, Warden,<br>FCI-Fort Worth,<br>Respondent. | § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.     NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.     PARTIES**

Petitioner Dustin McPhetridge, Reg. No. 11246-033, is a federal prisoner who is confined in the Federal Correction Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

## C. PROCEDURAL HISTORY

Petitioner is serving a 60-month term of incarceration on his 2008 conviction for traveling in interstate commerce to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) and (e), in the United States District Court for the Western District of Kentucky, Bowling Green Division. (Resp't App. at 22-24) ) Petitioner was convicted on state charges stemming from the same offense in Kentucky and Tennessee. (Resp't App., Sealed docs. at 29, 33) His federal and state sentences were to run concurrently. (Resp't App. at 32; Resp't App., Sealed docs. at 30, 33)

Petitioner's projected supervised release date with good time credit is March 21, 2013. (*Id.* at 1) In this habeas action, petitioner raises four grounds for relief, in which he seeks additional custody credits toward his federal sentence for time spent in state custody.[1] (Pet., Grounds One-Four) Respondent has filed a response with supporting brief and documentary exhibits, to which petitioner did not reply.

## D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Respondent asserts the petition should be dismissed because petitioner has failed to exhaust his administrative remedies as to the claims presented. Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The administrative remedy procedure for federal prisoners

---

[1] This action was initiated on June 10, 2010, in the Western District of Kentucky and transferred to the Eastern District of Arkansas, where petitioner was confined at the time. (docket entry nos. 1, 3) Petitioner was subsequently transferred to the FCI-Fort Worth, and the action was transferred to this division, where petitioner is serving his sentence. (docket entry no. 10) Following transfer, the undersigned issued an "Order and Notice of Deficiency" ordering petitioner to pay the filing fee or file a proper request to proceed *in forma pauperis* and to complete and return a form § 2241 petition. (docket entry no. 13) Petitioner filed an application to proceed *in forma pauperis* with the clerk of court on October 13, 2010. (docket entry no. 14) Attached to that application is petitioner's form § 2241 petition. (*See* docket entry #1)

is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).

The government has submitted the declaration of Patrick Liotti, a Management Analyst at the Federal Bureau of Prisons. (Resp't App. at 3) Liotti avers that, by way of his employment, he has access to records maintained by the Bureau and that Petitioner has not "attempted to file any administrative remedy requests or appeals regarding his sentence computation," and, as of October 29, 2010, there was no record indicating petitioner had filed such a request or appeal. (*Id.* at 4) Petitioner asserts in his petition that he "filed administrative remedy at institutional level and was denied by Respondent and further advised to contact the federal court of jurisdiction for resolution as it was unsure of constitutional dimension and not an administrative cause for relief."
(Pet., Question No. 12)

The purpose of exhaustion is to allow the federal agency being challenged an opportunity to correct its own error without court intervention. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). Exceptions to the exhaustion requirement are appropriate only in extraordinary circumstances where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course

3

of action. *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). The declaration of Liotti refutes petitioner's assertion, and petitioner has presented no evidence through exhibits that he has exhausted the administrative remedy process relevant to the issues. Nor has petitioner demonstrated that the administrative remedy is either unavailable or inappropriate or that future efforts to exhaust the administrative remedy would be futile. Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted.

## II. RECOMMENDATION

It is recommended that the petition be DISMISSED without prejudice on exhaustion grounds.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 29, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are

accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until April 29, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April ___8___, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE